IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TAMMY ECKERT                    *

    Plaintiff,                 *

        v.                      *          CIVIL NO.: WDQ-14-1815

QUALITY ASSOCIATES, et al.,     *

    Defendants.                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On June 6, 2014, Tammy Eckert, *pro se*, sued Quality Associates, Inc. ("Quality Associates") and Terra Herald, Rhonda Holifield, Neal Mescher, Alison Novoa, Tyler Presley, and Ashlee Warren (the "individual defendants")(collectively, the "Defendants") for employment and age-related discrimination. ECF No. 1.[1] Pending is the Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. ECF No. 11. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion will be granted.

---

[1] *See* 42 U.S.C. §§ 2000(e), *et seq.* (2012); 29 U.S.C. §§ 621, *et seq.* (2012).

I. Background[2]

On January 4, 2009, Quality Associates hired Eckert as a team leader. ECF No. 1 at 4. At some time,[3] Eckert became a logistics coordinator. *Id.*

In April 2009, Mescher shouted at Eckert in front of other co-workers. ECF No. 3 at 3. Eckert told Novoa, who told her "to clock out, go home[,] and get herself together." *Id.* The following day, Eckert "received a write up for leaving without permission." *Id.* In June 2010, Eckert received another write up when "[t]he wrong truck was sent to the loading dock." *Id.*

In October 2012, Eckert "was subjected to ageist comments," such that Eckert "was getting old," she "need[ed] to put [her] glasses on," and she had "been working in the office [too] long." *Id.* A co-worker also called her "a toothless white

---

[2] Because *pro se* pleadings are afforded liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the facts are from the complaint, a summary of events attached to her complaint, and her supplement to the complaint. ECF Nos. 1, 1-4, 3. Eckert's supplement includes "just a few incidents that occurred at work" as described in her Rebuttal to Quality Associate's response to Eckert's Equal Employment Opportunity Commission ("EEOC") Charge. For the motion to dismiss for failure to state a claim, the well-pled allegations are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). However, the Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003). Additional facts relevant to subject matter jurisdiction are from documents attached to the complaint and the Defendants' motion to dismiss. ECF Nos. 1-1, 1-2, 11-2.

[3] The date is not in the record.

bitch." *Id.*; ECF No. 3 at 4. "[O]n several occasions," Eckert's supervisor, Holifield, "rub[bed] her breasts up against" her. ECF No. 1 at 7.[4]

On May 28, 2013, Eckert filed a discrimination complaint with Herald, Warren, and Presley, "and requested an investigation." *Id.* at 5.[5] Eckert "was accused of having a 'victim mentality.'" ECF No. 3 at 6. "Shortly thereafter, [she] was unjustly written up." ECF No. 1 at 7. At some time, Eckert's "complaints of age discrimination, sexual harassment, hostile work environment and retaliation for [four and a half] years as an employee of Quality [Associates] were finally discussed on a scheduled telephone conversation with [Presley]." ECF No. 3 at 6.

On June 25, 2013, Eckert left work early to go to the hospital, where she was "diagnosed with severe workplace anxiety." ECF No. 3 at 6. On June 27 or 29, 2013, Eckert was terminated from Quality Associates for "poor work performance." ECF No. 1 at 4, 5. Eckert "believe[s she] was sexually harassed

---

[4] In responding to Eckert's EEOC Charge, Quality Associates asserted that "the breast rubbing took place because the workers were in tight quarters and it could not be helped." *See* ECF No. 3 at 4. In her Rebuttal, Eckert asserted that "[t]he point is, the act of Ms. Holifield rubbing her breasts against Ms. Eckert made Ms. Eckert uncomfortable and she believed she was being sexually harassed." *Id.*

[5] Eckert further alleges that she reported discriminatory remarks to Novoa, but she does not allege when. ECF No. 3 at 4.

because of her sex and discharged in retaliation for engaging in a protected activity." *Id*. Eckert further believes that she "was harassed because of [her] age (51)." *Id*. Eckert alleges that Quality Associates failed to "follow any of the polic[ies] or procedures" in its handbook. *Id*.[6]

On July 11, 2013, Eckert filed her EEOC Charge. ECF No. 1 at 7. Eckert alleged sex- and age-based discrimination and retaliation. ECF No. 11-2 at 2. Eckert alleged that co-workers told her she was getting older and "needed to put her glasses on." *Id*. at 3. She further described the incident of alleged sexual harassment by Holifield. *Id*. Eckert further alleged that she had complained about discrimination to Human Resources personnel and, about one month later, was terminated. *Id*. On March 9, 2014, Eckert received her notice of dismissal and right to sue. ECF No. 1 at 7; ECF No. 1-2.

On June 6, 2014, Eckert sued the Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.,

---

[6] Eckert attached to her complaint a chronology of events from February 2012 to April 2012. ECF No. 1-4. The chronology describes several difficulties Eckert had with her job and co-workers, but does not describe incidents related to her sex, age, color, or race. *See id*. Eckert also attached a series of May 2013 emails about her performance review. ECF No. 1-3. Holifield asked Eckert to identify three employees to complete her review, and the areas of responsibility for which she needed additional training. *Id*. at 11-12. It appears that Eckert identified the employees but not the areas of responsibility. *See id*. at 16, 20. The emails also describe Eckert's attempt to schedule a meeting with Herald and Presley. *Id*. at 11, 14.

and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ECF No. 1 at 1. Eckert alleges claims for hostile work environment based on her race, color, and age, retaliation, and sexual harassment. *Id.* at 4-6. On September 25 and 30, 2014, Holifield, Mescher, Presley, Novoa, and Quality Associates were served with the complaint. ECF Nos. 7, 8. On October 14, 2014, the Defendants moved to dismiss the complaint. ECF No. 11. On October 15, 2014, in accordance with *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), a "Rule 12/56" letter was mailed to Eckert, explaining that she had a right to respond to the motion, and that failure to respond may result in dismissal of her case. ECF No. 15. On December 15, 2014, Eckert opposed the Defendants' motion. ECF No. 21.[7] On January 5, 2015, the Defendants replied. ECF No. 24.

---

[7] Eckert's opposition does not respond to the Defendants' legal grounds for dismissing her complaint. *See generally* ECF No. 21. Rather, Eckert contends that dismissal would be "unjust," that there "was a hostile work environment created by screaming supervisors and people behaving in a non-appropriate manner" that made her "uncomfortable," and there is sufficient evidence to proceed. *Id.* at 1-2. Eckert attached her previously filed Rebuttal, several work skills assessments, medical records, a request for documents from the EEOC, and a January 2012 summary of a work incident that resulted in her receiving a warning. *See* ECF Nos. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6, and 21-7.

The Defendants contend that because Eckert did not address their arguments about her retaliation claim, she has abandoned that claim. *See* ECF No. 24 at 2 n.1. The Defendants rely on *Dwivedi v. Thompson*, No. CIV.A. CCB-04-432, 2005 WL 82221, at *1 n.1 (D. Md. Jan. 14, 2005), and *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997), cases in which plaintiffs were

II.  Analysis

   A.  Legal Standards

      1.  Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F.Supp.2d at 606. The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id*.

      2.  Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a

---

Md. Jan. 14, 2005), and *Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997), cases in which plaintiffs were deemed to have abandoned claims for failing to respond to arguments raised in the opposing parties' motions for summary judgment. However, neither case involved self-represented plaintiffs who may have been unaware of the possible consequences of failing to respond to legal arguments. As noted above, the Rule 12/56 letter mailed to Eckert told her that she had the right to respond to the Defendants' motion; it stated that her "[r]esponse should respond to and explain the facts or matters stated in the motion," and could include affidavits, but did not state that failing to respond to legal arguments raised against each claim could result in a finding of abandonment. *See* ECF No. 15. At this stage of the proceedings it would be inappropriate to consider Eckert to have abandoned her retaliation claim; thus, the Court will consider the merits of the Defendants' arguments.

complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.   Claims Against Individual Defendants

Preliminarily, the Defendants' assert that Eckert's claims against the individual defendants must be dismissed because there is no liability under federal equal employment opportunity laws. ECF No. 11-2 at 6. The Defendants are correct. In the Fourth Circuit, there is no individual liability for violations of Title VII or the ADEA. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 178 (4th Cir. 1998) (affirming grant of summary judgment to plaintiff's former supervisor on Title VII claims); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (ADEA) (*citing Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("[It] is inconceivable that Congress intended to allow civil liability to run against individual employees.")). Eckert's claims against the individual defendants will be dismissed.[8]

C.   Failure to Exhaust Administrative Remedies

The failure to exhaust administrative remedies deprives the federal courts of subject matter jurisdiction over a Title VII or ADEA claim. *Jones v. Calvert Group Limited*, 551 F.3d 297,

---

[8] Accordingly, the Court need not decide whether, as the Defendants contend, Eckert's claims against Herald, Mescher, Presley, and Warren also fail for lack of personal jurisdiction. *See* ECF No. 11-1 at 6.

300-01 (4th Cir. 2009). A plaintiff exhausts her administrative remedies by filing an EEOC charge and obtaining a "right-to-sue" letter; failure to do so "deprives the federal courts of subject matter jurisdiction over the claim." *See id.; Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995).

Administrative exhaustion is "intended . . . to serve the primary purposes of notice and conciliation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). It gives employers the "opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions," thus preventing "later complaining of prejudice, since [the employer] has known of the allegations from the very beginning," and "initiates agency-monitored settlement," which is how most discrimination claims are resolved. *Id.* Accordingly, a complaint filed in court may raise "claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (age discrimination claim barred when EEOC charge alleged sex discrimination).

The Defendants contend that Eckert's claims of hostile work environment based on race and color must be dismissed because they were never alleged in her EEOC Charge. ECF No. 11-1 at 5. The Defendants are correct. Eckert's EEOC Charge alleged age

and sex discrimination; it did not allege race or color discrimination, nor did she mention her race or color or describe any incidents related to her race or color. ECF No. 11-2. "[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Jones*, 551 F.3d at 300 (race and sex discrimination claims barred when plaintiff failed to allege same in EEOC charge); *Evans*, 80 F.3d at 963 (age discrimination claim barred when EEOC charge alleged sex discrimination); *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002) (color and sex discrimination claims barred when EEOC charge alleged racial discrimination). Accordingly, Eckert's race and color discriminations claims will be dismissed.

    D.    Failure to State a Claim

        1.    Hostile Work Environment

To state a hostile work environment claim based on her age or sex, Eckert must plausibly allege that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her . . . [age or sex]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Buchhagen v. ICF Int'l, Inc.*, 545

F. App'x 217, 219 (4th Cir. 2013) (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011).

To determine whether the conduct was severe or pervasive, courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (internal quotation marks and citation omitted). "A hostile environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 276-77 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L.Ed.2d 295 (1993)).

The "severe or pervasive" element has "subjective and objective components." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333 (4th Cir. 2003)(en banc)). Eckert must show that she "subjectively perceive[d] the environment to be abusive," and that "a reasonable person in [her] position would

11

have found the environment objectively hostile or abusive." *Id.* (internal quotation marks and citations omitted). Isolated incidents of harassment may alter the conditions of employment if they are "extremely serious." *Id.* (quoting *Faragher*, 524 at 788); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.")(internal quotation marks and citation omitted).

      a.   Age-Related Harassment

The Defendants contend that the offensive conduct alleged by Eckert was not sufficiently severe or pervasive. ECF No. 11-1 at 7-11. The Defendants do not challenge Eckert's subjective perception that she had been "subjected to ageist comments," ECF No. 3 at 3; thus, the Court will address whether the allegedly offensive conduct was objectively severe. Eckert alleges that co-workers called her "a toothless white bitch," told her she "was getting old," "need[ed] to put [her] glasses on," and had "been working in the office [too] long." ECF No. 3 at 3.

It is not clear that the "toothless" comment had anything to do with Eckert's age. "It is axiomatic that a plaintiff's mere speculation as to [ageist] animus will not suffice to prove that she suffered unwelcome conduct" because of her age.

12

*Alexander v. U.S. Dep't of Veterans Affairs*, No. CIV.A. DKC 10-3168, 2012 WL 78874, at *5 (D. Md. Jan. 10, 2012).[9] Even if the Court considered the "toothless" comment age-related, taken together, Eckert's allegations fail to clear the "high bar" of the objectively severe or pervasive test. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard."). Merely offensive comments about one's age are insufficiently severe to alter the conditions of employment. *See Faragher*, 524 U.S. at 787-88; *Cepada v. Bd. of Educ. of Baltimore Cnty.*, 814 F. Supp. 2d 500, 513 (D. Md. 2011) (repeatedly calling plaintiff an "old man" and noting that he was younger not objectively severe so as to alter conditions of employment).[10] Further,

---

[9] *Cf. Rose v. Son's Quality Food Co.*, No. AMD 04-3422, 2006 WL 173690, at *4 (D. Md. Jan. 25, 2006) (deeming epithets such as "black dummy" and "black bitch" race neutral and "not the sort of invective characteristic of a racially hostile environment"); *Settle v. Baltimore Cnty.*, 34 F. Supp. 2d 969, 1003 (D. Md. 1999) *aff'd sub nom. Harris v. Earp*, 203 F.3d 820 (4th Cir. 2000) *and aff'd sub nom. Settle v. Baltimore Cnty. Police Dep't*, 203 F.3d 822 (4th Cir. 2000)(refusing to consider allegations that lacked a clear racial nexus).

[10] *See also Williams v. Guilford Technical Cmty. Coll. Bd. of Trustees*, No. 1:14CV843, 2015 WL 4251192, at *7 (M.D.N.C. July 13, 2015) (repeated questions about when plaintiff would retire not sufficiently severe or pervasive); *Whitesell v. Dobson Commc'n*, 353 F. App'x 715, 717 (3d Cir. 2009) (affirming dismissal of hostile work environment claim when plaintiff

13

Eckert has not alleged that the isolated comments affected her work performance. *See Faragher*, 524 U.S. at 787-88. The Court will dismiss Eckert's age-related hostile work environment claim.

b. Sexual Harassment

The Defendants contend that Eckert's sexual harassment claim fails because she has not plausibly alleged that any offensive conduct occurred because of her gender. ECF No. 11-1 at 12. The Defendants rely, in part, on *McWilliams v. Fairfax County Board of Supervisors*, 72 F.3d 1191 (4th Cir. 1996), which held that a sexual harassment claim cannot succeed "when both the perpetrator and target of the harassment are heterosexuals of the same sex." See ECF No. 11-1 at 12. However, *McWilliams* has been abrogated by the U.S. Supreme Court's holding that same-sex harassment is cognizable under Title VII regardless of sexual orientation. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79-80, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998) (Title VII's prohibition of discrimination on the basis of sex "must extend to sexual harassment of any kind that

---

alleged that her supervisor had stated that she "needs glasses," "asked whether she remembered older television shows or movies," and, while walking, said "come on, old lady, keep up"); *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 678 (7th Cir. 2005) (isolated comments about plaintiff's age, including the "propriety of women working at her age and the fact that she could pick up heavy boxes if she were younger," while "boorish," were not "actionable age harassment").

meets the statutory requirements"). Thus, although Eckert is not required to allege sexual orientation, she must plausibly allege that the offensive conduct occurred because of her sex. Eckert's allegation that Holifield "rub[bed] her breasts up against" her when they worked in tight quarters,[11] does not permit the Court "to draw the reasonable inference" that the conduct occurred *because of* Eckert's sex. *See Iqbal*, 556 U.S. at 678. Further, the alleged conduct was not sufficiently severe to state a claim for sexual harassment. *See Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 753 (4th Cir. 1996)(sexually neutral or, at best, ambiguous conduct, whereby co-worker "bumped into [plaintiff], positioned a magnifying glass over his crotch, flipped his tie over to see its label, gave him a congratulatory kiss in the receiving line at [plaintiff's] wedding, and stared at him in the bathroom" did not create a hostile work environment); *Huggins v. N.C. Dep't of Admin.*, No. 5:10-CV-414-FL, 2013 WL 5201033, at *19 (E.D.N.C. Sept. 13, 2013) *aff'd*, 554 F. App'x 219 (4th Cir. 2014) (supervisor's questions about a mammogram, rubbing his body against the front of plaintiff's body, touching her breasts, and two harassing telephone calls was not sufficiently severe or

---

[11] ECF Nos. 1 at 7; 3 at 4.

pervasive). The Court will dismiss Eckert's sexual harassment claim.[12]

2. Retaliation

Title VII and the ADEA bar discrimination against an employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a); *see also* 29 U.S.C. § 623(d). To state a retaliation claim, Eckert must allege "(1) engagement in a protected activity; (2) [an] adverse employment action; and (3) a causal link between the protected activity and the

---

[12] The Defendants also contend that Eckert cannot bring claims for alleged acts that occurred more than 300 days before she filed her EEOC Charge. ECF No. 11-1 at 11. The Defendants are correct that "alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not be subsequently challenged in a Title VII [or ADEA] suit." *Mezu v. Morgan State Univ.*, 264 F. Supp. 2d 292, 294 (D. Md.) *aff'd sub nom. Mezu v. Dolan*, 75 F. App'x 910 (4th Cir. 2003); 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). There is an exception to the timely filing requirement when conduct is part of a "continuing violation." *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 593 (D. Md. 2000) *aff'd*, 17 F. App'x 154 (4th Cir. 2001). However, the exception is "available only if an actual violation has occurred within the required limitations period." *Id.*

Eckert's complaint and supplement allege events that happened in April 2009 and June 2010, *i.e.*, before September 14, 2012, the date 300 days before she filed her July 11, 2013 EEOC Charge. *See* ECF No. 3 at 3 (alleging that she had been shouted at, told to go home, and then received write-ups for leaving without permission and sending the wrong truck to a loading dock). Those allegations appear unrelated to harassment and retaliation claims. Even if they supported her claims, Eckert has not plausibly alleged an actual violation during the limitations period; thus, claims based upon those acts are time-barred.

employment action." *Williams v. Guilford Technical Cmty. Coll. Bd. of Trustees*, No. 1:14CV843, 2015 WL 4251192, at *9 (M.D.N.C. July 13, 2015) (quoting *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (affirming dismissal of complaint), *aff'd sub nom. Coleman v. Court of Appeals of Md.*, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012).[13]

The Defendants contend that Eckert has insufficiently alleged that she engaged in a protected activity. ECF No. 11-1 at 15-18. A plaintiff engages in a protected activity when she opposes "employment actions actually unlawful under Title VII [and . . .] employment actions [she] reasonably believes to be unlawful." *Boyer-Liberto*, 786 F. 3d at 282 (citing *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005).

Eckert alleges that, in May 2013, she filed a discrimination complaint with Herald, Warren, and Presley, and, at some time, reported discriminatory remarks to Novoa. ECF Nos. 1 at 7; 3 at 4. The Defendants rely on *Jordan v.*

---

[13] To survive a motion to dismiss in an employment discrimination suit, plaintiffs need not allege facts establishing a *prima facie* case under the burden-shifting framework stated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). However, plaintiffs must plead sufficient facts "to satisfy the elements of a cause of action created by [the applicable] statute." *McCleary-Evans*, 780 F.3d at 585. In *Coleman*, the Fourth Circuit stated that meant that plaintiffs must allege a protected activity, adverse action, and causal link, 626 F.2d at 190.

*Alternative Res. Corp.*, 458 F.3d 332 (4th Cir. 2006) to support their argument that Eckert could not have reasonably believed that she had opposed unlawful conduct. *See* ECF No. 11-1 at 16. *Jordan* held that, absent evidence "that a plan was in motion to create [a hostile] environment" or "that such an environment was [otherwise] likely to occur," an employee complaining about isolated incidents of harassment could not have had a reasonable belief that activity made unlawful by Title VII had been in progress, 458 F.3d at 340. However, since the Defendants filed their motion, the Fourth Circuit has overruled *Jordan*, finding that it discouraged early reporting by harassment victims, thereby failing to protect them. *Boyer-Liberto*, 786 F. 3d at 282-84. In *Boyer-Liberto*, the Fourth Circuit held that, "when assessing the reasonableness of an employee's belief that a hostile environment is occurring based on an isolated incident, the focus should be on the severity of the harassment," 786 F.3d at 284. Courts must consider the same "factors used to judge whether a workplace is sufficiently hostile or abusive for purposes of a hostile environment claim--specifically, whether the discriminatory conduct is physically threatening or humiliating, or a mere offensive utterance." *Id.* (internal quotation marks and citation omitted). As discussed above, Eckert has not plausibly alleged an objectively severe or pervasive hostile work environment. *See supra* Section II.D.1.a-

b. For the same reasons, she could not have reasonably believed that she had opposed unlawful activity; the Court will dismiss her retaliation claim.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim will be granted.

_____8/26/15_____       _____/s/_____
Date       William D. Quarles, Jr.
     United States District Judge